SUSAN K. ZARP, APPELLANT, v. WALLACE E. DUFF, APPELLEE.

470 N.W.2d 577

Filed June 7, 1991.   No. 89-487.

James R. Welsh, of Welsh & Sibbernsen, for appellant.

Michael J. Mooney, of McCormack, Cooney, Mooney, Hillman & Elder, for appellee.

Hastings, C.J., Boslaugh, White, Caporale, Shanahan, Grant, and Fahrnbruch, JJ.

White, J.

In this professional negligence action the plaintiff, Susan K. Zarp, appeals from a jury verdict in favor of Dr. Wallace E. Duff, the defendant-appellee, based on the alleged error of the district court in admitting testimony by Duff's expert witness. We affirm.

Zarp filed this action in 1987 against Duff, an ear, nose, and throat physician, who performed nasal surgery on Zarp in 1984 after making a diagnosis of chronic sinusitis secondary to nasal trauma, nasal obstruction, and hypertrophy of the turbinates. Zarp alleges that the surgery was negligently performed and that as a result she continued to have facial pain and severe headaches.

Duff was served with interrogatories, including a request for the names and addresses of any expert witnesses to be called at trial, along with the substance of the facts and opinions to which each expert was expected to testify and a summary of the grounds for each expert's opinion. When Duff's answers were

served on Zarp's counsel on September 24, 1987, Duff stated that the names of such experts were "[u]nknown at this time."

Trial did not begin until April 3, 1989. The day of the trial Duff served amended answers to interrogatories, naming three experts who were to be called to testify for the defendant, including Dr. Ronald Pfeiffer of the University of Nebraska Medical Center's neurology department. Before jury selection began, Zarp's counsel objected to the amended answers, specifically objecting to the naming of Pfeiffer as an expert witness. Zarp's counsel admitted that a report by Pfeiffer was contained in the medical records which he planned to introduce at trial. Defense counsel asserted that Pfeiffer would be called merely to explain his report, which diagnosed the cause of Zarp's facial pain as classic migraine headache, unrelated to the facial surgery. Zarp's counsel argued that he could not request a continuance because he had already expended money to bring in other experts for the trial. After being assured by defense counsel that the experts would testify only to the facts in their medical reports, the court sustained the objection "as it is, but I'll allow him to call the witnesses to testify as to the facts which are evidenced by the medical records."

After the jury was impaneled, Pfeiffer was called as a witness on behalf of the defendant, and Zarp's counsel made no further objection. Pfeiffer testified that Zarp's facial pain was caused by classic migraine headache. At the conclusion of the trial, the jury returned a verdict for Duff. Zarp's motion for a new trial was overruled, and this appeal followed.

Zarp assigns as error the trial court's admission of Pfeiffer's testimony, based on the failure to list him as an expert witness prior to trial, and the trial court's overruling of the motion for new trial based on the admission of Pfeiffer's testimony.

The Nebraska discovery rules have been formulated to assist in pretrial preparation and "to make the task of the trier of fact more manageable by means of an orderly presentation of complex issues of fact." *Norquay v. Union Pacific Railroad*, 225 Neb. 527, 537, 407 N.W.2d 146, 153 (1987). Under Neb. Ct. R. of Discovery 26(e)(1)(B) (rev. 1989),

> there is an explicit duty seasonably to supplement a response to a request for discovery [such as a response to

an interrogatory] directed toward identity of an expert witness expected to be called at trial, the subject matter of expected testimony from such expert, and the substance of the expert witness' expected testimony.

*Norquay, supra* at 537, 407 N.W.2d at 154.

However, in *Norquay* we also held:

When a party has failed to respond, or respond properly, to an interrogatory authorized by Rule 26(b)(4)(A)(1), or has failed to make supplemental responses required under Rule 26(e)(1)(B) . . . and such noncomplying party calls an expert witness to offer testimony within the scope of the interrogatory in question, the adverse party *must object* to a previously unidentified expert witness' testifying in general or object to testimony of an expert witness testifying about a previously undisclosed but discoverable matter sought to be disclosed by the interrogatory in question. If the court, over objection, allows such expert witness to testify, notwithstanding nondisclosure before trial, when appropriate the adverse party *must move to strike* the expert witness' testimony, request a continuance to give the surprised adversary an opportunity to investigate further and secure rebuttal evidence, or, under certain circumstances, move for a mistrial.

(Emphasis supplied.) *Norquay, supra* at 541-42, 407 N.W.2d at 156.

In the present case, Zarp's counsel made no objection at trial to the admission of Pfeiffer's testimony. Counsel now argues that the objection and ruling earlier in the day would have made any objection during Pfeiffer's testimony at trial "superfluous and of no effect." Brief for appellant at 19. That is not the case. As we reiterated in *Norquay*, " 'Failure to make a timely objection or motion to strike will ordinarily bar a party from later claiming error in the admission of testimony.' " *Norquay, supra* at 542, 407 N.W.2d at 156, quoting *State v. Archbold*, 217 Neb. 345, 350 N.W.2d 500 (1984). Zarp also failed to move for a continuance or to seek a mistrial. She cannot now complain about the admission of Pfeiffer's testimony.

We also note that it is within the trial court's discretion to

admit or exclude the testimony of an expert witness, and "[a] trial court's ruling in receiving or excluding an expert's opinion will be reversed only when there has been an abuse of discretion." *Fuglsang v. Blue Cross*, 235 Neb. 552, 554, 456 N.W.2d 281, 283 (1990).

We cannot say that the trial court abused its discretion in allowing Pfeiffer to testify in order to explain his report, already a part of the medical records which had been received into evidence. Zarp failed to object at trial, and we cannot correct the error now on appeal. The decision of the district court is affirmed.

AFFIRMED.